Approved: _____
            NICHOLAS S. BRADLEY
            Assistant United States Attorney

Before:    HONORABLE PAUL E. DAVISON
           United States Magistrate Judge
           Southern District of New York

- - - - - - - - - - - - - - - - - x
                                  :    **SEALED COMPLAINT**
UNITED STATES OF AMERICA          :
                                  :    Violations of
        - v. -                    :    18 U.S.C. §§ 1951 and 2.
                                  :
ROLANDO GARCIA, and               :    COUNTY OF OFFENSE:
KAYLA TAYLOR,                     :    ORANGE
                                  :    20mj1365
                Defendants.       :
- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

    THOMAS L. ANDERSON, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

**COUNT ONE**
(Conspiracy to Commit Hobbs Act Robbery)

    1.   On or about September 15, 2019, in the Southern District of New York and elsewhere, ROLANDO GARCIA and KAYLA TAYLOR, the defendants, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, GARCIA, TAYLOR, and a co-conspirator conspired to carry out a robbery of a marijuana dealer at a residence in the City of Port Jervis, New York.

            (Title 18, United States Code, Section 1951.)

## COUNT TWO
(Hobbs Act Robbery)

2.   On or about September 15, 2019, in the Southern District of New York and elsewhere, ROLANDO GARCIA and KAYLA TAYLOR, the defendants, unlawfully and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, GARCIA and TAYLOR robbed a marijuana dealer at a residence in the City of Port Jervis, New York.

(Title 18, United States Code, Sections 1951 and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

3.   I am a Special Agent with the FBI, and I have been personally involved in the investigation of the above-described offenses. I am familiar with the facts and circumstances set forth below based on my review of pertinent documents, and from my conversations with fellow law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4.   Based on my review of reports and records from the City of Port Jervis Police Department ("PJPD"), my conversations with other law enforcement officers, and my own participation in this investigation, I have learned, among other things, the following:

  a.   On or about September 15, 2019, at approximately 4:33 a.m., the PJPD received an emergency call regarding a home invasion and shots fired at an apartment in the vicinity of Port Jervis, New York (the "Apartment").

  b.   Upon arrival at the Apartment, PJPD officers met with the victim and apartment resident (the "Victim"). The Victim stated that earlier in the evening, he had invited a female, later identified as KAYLA TAYLOR, the

2

defendant, to his Apartment.[1] The Victim reported that he met TAYLOR over Snapchat several days earlier, and that TAYLOR had expressed interest in visiting the Victim at his Apartment. The Victim arranged an Uber ride to drive TAYLOR to the Victim's Apartment. According to the Victim, TAYLOR arrived at the Victim's Apartment at approximately 11:20 p.m. that evening.

    c. Although the Victim invited TAYLOR to his Apartment with the expectation that they would have sex, the Victim reported that TAYLOR asked him a number of questions regarding where he keeps his jewelry (specifically, his "chains") and money. The Victim also saw TAYLOR interacting with her phone on multiple occasions using Snapchat, and at one point appeared to be taking a picture or video of the Victim's Apartment.

    d. Several hours later, at approximately 4:30 a.m., while TAYLOR was still at the Apartment, two males, later identified as ROLANDO GARCIA, the defendant, and a co-conspirator ("CC-1"), broke into the Apartment, threw the Victim to the ground, and attempted to tie him up using a towel. The two males began demanding the Victim's "chains," jewelry, and other valuables while threatening to kill him. One of the men carried a handgun with a red laser sight.

    e. The Victim told the two men, GARCIA and CC-1, that his valuables were in another room. At this point, the two men placed the gun to the Victim's back and began walking him down the hallway of the Apartment. The Victim then turned around and punched one of the men in the face. The Victim immediately ducked into a nearby bedroom where his mother was sleeping. The Victim heard multiple gunshots from the direction of the hallway.

    f. A short time later, the two men, GARCIA and CC-1, fled the Apartment after taking a quantity of

---

[1] The Victim stated that the female identified herself as "Kayla Thompson," though as explained below, subsequent investigation by law enforcement revealed that the female was, in fact, KAYLA TAYLOR, the defendant.

3

marijuana belonging to the Victim.[2]  KAYLA TAYLOR also fled the Apartment with the Victim's iPhone XR.  The Victim reported that the two men, GARCIA and CC-1, did not pay any attention to TAYLOR when they entered the Apartment.

   g. An eyewitness who was staying in the Apartment that evening as a guest of the Victim's mother ("Witness-1") later reported to law enforcement that he/she saw two men standing near the street-level entrance to the Apartment building as Witness-1 was leaving for work on or about September 15, 2019 shortly before 4:30 a.m.  When Witness-1 returned to the Apartment to pick up his/her cellphone, Witness-1 again saw the two males, this time standing inside the Apartment building in the hallway in front of the Apartment door.

   h. Witness-1 was able to identify one of the two men as ROLANDO GARCIA through a photo array administered by PJPD officers.  Witness-1 also reported to PJPD officers that he/she saw a female in the Apartment as Witness-1 was leaving for work on or about September 15, 2019 shortly before 4:30 a.m.  Witness-1 was able to identify the woman as KAYLA TAYLOR through a photo array administered by PJPD officers.

   i. The Victim subsequently participated in a photo array administered by PJPD officers and identified KAYLA TAYLOR as the woman who had been in his Apartment on or about September 15, 2019.

  5. Based on interviews with the Victim and family members of KAYLA TAYLOR, the defendant, I and other law enforcement officers identified the Snapchat account used by the Victim to communicate with TAYLOR on or about September 15, 2019 and several days prior (the "Taylor Snapchat Account").  I have reviewed returns from a Court order for Snapchat message headers sent to or from the Taylor Snapchat Account.  Based on this review, I have learned, among other things, the following:

   a. On or about September 12, 2019, at approximately 3:38 p.m., the Victim's Snapchat account sent an image to the Taylor Snapchat Account.

---

[2] The Victim admitted to law enforcement that he sells marijuana, and that the marijuana that was stolen from the Apartment on or about September 15, 2019 was part of the supply he uses for sale.

4

b. In the evening between on or about September 14, 2019 and on or about September 15, 2019, the Taylor Snapchat Account sent six videos and one image over Snapchat to an account named "ILovemoney2.0." The account records for "ILovemoney2.0" have since been deleted. Specifically, I have identified the following date- and time-stamps for the messages exchanged between the Taylor Snapchat Account and "ILovemoney2.0" in the time period leading up to the robbery:

| Sender | Recipient | Approx. Date/Time |
|---|---|---|
| ILovemoney2.0 | Taylor Snapchat Account | Sept. 14, 2019, at 8:41 p.m. |
| Taylor Snapchat Account | ILovemoney2.0 | Sept. 14, 2019, at 11:49 p.m. |
| Taylor Snapchat Account | ILovemoney2.0 | Sept. 14, 2019 at 11:52 p.m. |
| Taylor Snapchat Account | ILovemoney2.0 | Sept. 15, 2019 at 12:07 a.m. |
| Taylor Snapchat Account | ILovemoney2.0 | Sept. 15, 2019 at 12:26 a.m. |
| Taylor Snapchat Account | ILovemoney2.0 | Sept. 15, 2019 at 1:13 a.m. |
| Taylor Snapchat Account | ILovemoney2.0 | Sept. 15, 2019 at 2:10 a.m. |
| Taylor Snapchat Account | ILovemoney2.0 | Sept. 15, 2019 at 2:13 a.m. |

c. Additionally, based on my review of the IP address logs associated with the Taylor Snapchat Account, I have learned that, at approximately 4:38 a.m. on or about September 15, 2019, a Snapchat account used by the Victim was logged out of Snapchat from an IP address associated with the Victim's iPhone XR. Seconds later, the Taylor Snapchat Account logged into Snapchat from the same IP address associated with the Victim's iPhone XR.

d. Furthermore, at approximately noon on or about September 15, 2019, the Taylor Snapchat Account logged into Snapchat while connected to an IP address associated with a residential address in the vicinity of Gardnerville, New York. Based on my discussions with law enforcement officers and New York State parole officers, I have learned that address to be that of the mother of ROLANDO GARCIA, the defendant.

5

6. On or about September 19, 2019, KAYLA TAYLOR, the defendant, agreed to meet voluntarily with law enforcement officers, including me and detectives from the PJPD, at the West Haverstraw Police Department. TAYLOR was not under arrest and was advised she was free to leave at any time. TAYLOR was read her *Miranda* rights and agreed in writing to answer questions. During this interview, TAYLOR admitted, in part and in substance, that she had arranged to meet with the Victim at the Apartment using the Taylor Snapchat Account on or about September 15, 2019. TAYLOR stated that, during the visit, she accompanied the Victim on a marijuana sale and then returned with the Victim to the Apartment. When the two men broke into the Apartment later that evening, TAYLOR admitted to fleeing in a car with the two men, and that she knew one of them from Snapchat. TAYLOR said the men later dropped her off at her residence in the vicinity of West Haverstraw, New York.

7. I am familiar with the appearance of ROLANDO GARCIA, the defendant, based on my discussions with other law enforcement officers and my review of a booking photograph from GARCIA's recent rap sheet.

8. I have spoken with a New York State parole officer who is responsible for the supervision of ROLANDO GARCIA, the defendant. Based on my conversation, I have learned that a witness ("Witness-2") spoke with GARCIA's parole officer on or about September 18, 2019. Witness-2, who personally knows GARCIA, stated that GARCIA communicates with Witness-2 using email and Instagram, and provided a specific Instagram username that Witness-2 identified as being used by GARCIA. I have reviewed the profile picture of that Instagram account and believe the individual depicted is GARCIA. The Instagram profile also contains a Google email address (the "Garcia Google Account").

9. Based on my review of subscriber information for the Garcia Google Account, I have learned, among other things, that the account was subscribed in the name of "Rolando Garcia," and appeared to be logged in until approximately 3:15 p.m. on or about September 15, 2019--the afternoon following the robbery.

10. I have reviewed returns from a search warrant executed on the Garcia Google Account. Based on my review, I have learned, among other things, the following:

6

      a.   Between approximately 6:09 a.m. and approximately 3:15 p.m. on or about September 15, 2019, the user of the Garcia Google Account made, among other things, the following searches in Google: "port jervis shooting 2019"; "how to delete snapchat"; "snapchat.com"; "port jervis breaking news"; "lohud port jervis ny"; "lohud port jervis ny [Apartment]³"; "port jervis ny breaking news"; "port jervis ny channel 12"; "port jervis ny breaking news"; "news 12 port jervis"; and "port jervis crime sept 15 2019."

      b.   During this same time period, the user of the Garcia Google Account visited several related websites, including the Facebook page for the PJPD.

      c.   I believe that ROLANDO GARCIA, the defendant, is the user of the Garcia Google Account based on subscriber information, as well as my review of the Instagram profile picture on the account where the Garcia Google Account address is displayed.

11.   Accordingly, I believe that ROLANDO GARCIA and KAYLA TAYLOR, the defendants, along with CC-1, coordinated and conspired to rob Victim, and did in fact rob him on or about September 15, 2019.

[Continued on next page]

---

³   The "[Apartment]" entered into Google was the street address for the Victim's apartment in the vicinity of Port Jervis, New York.

WHEREFORE, the deponent respectfully requests that ROLANDO GARCIA and KAYLA TAYLOR, the defendants, be arrested, and that they be imprisoned or bailed, as the case may be.

THOMAS L. ANDERSON
Special Agent
Federal Bureau of Investigation

Sworn to before me this
6th day of February, 2020

HONORABLE PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK